UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TAMEKIA STATON | ) | |
| 283 Sheffield Chase | ) | |
| McDonough, GA 30253 | ) | |
| Plaintiff | ) | |
| | ) | Case No. |
| v. | ) | |
| | ) | |
| CHILDREN'S NATIONAL | ) | |
| MEDICAL CENTER, | ) | |
| 111 Michigan Ave. NW, | ) | |
| Washington, DC 20010 | ) | |
| Defendant. | ) | |

## COMPLAINT
(Jury Trial Demanded)

COMES NOW Plaintiff, Tamekia Staton ("Plaintiff"), by her undersigned counsel brings

this suit against Defendant Children's National Medical Center ("Defendant" or "Children's

National") and states for cause as follows:

## PARTIES

1.  Plaintiff is an adult resident citizen of the state of Georgia, residing at 283 Sheffield

    Chase, McDonough, GA 30253.

2.  Defendant is a pediatric hospital headquartered at 111 Michigan Ave. NW,

    Washington, DC 20010.

## JURISDICTION AND VENUE

3.  This action is being brought pursuant to 28 USC § 1331, 28 USC § 1343, and 42 USC

    § 1983 and includes any and all federal law claims plead herein for which jurisdiction

    and venue is attached.

4.  Any state law claims plead herein are brought pursuant to 28 USC § 1367.

5.  Venue is proper in this district, pursuant to 28 USC § 1391 because Defendant is located in the district and a substantial part of the events and omissions giving rise to this claim occurred in this judicial district.

## FACTS

6.  Plaintiff is an African-American woman.

7.  Plaintiff began her employment at Children's National in the October of 2001.

8.  Plaintiff was subjected to a severe and pervasive hostile work environment from the time that Defendant hired Michelle Jenkins ("Ms. Jenkins") as Plaintiff's manager to the time that Plaintiff was wrongfully terminated.

9.  The constant harassment from Ms. Jenkins led Plaintiff to take time off through FMLA.

10. Ms. Jenkins threatened Plaintiff with regards to her use of leave and told her that she could not take frequent leave despite her clear, legal ability to do so.

11. In September of 2019, Plaintiff was abruptly forced into the "Auditing Department" of Children's National, without her application for the position or her approval.

12. Plaintiff should not have been moved and it is Plaintiff's contention that this shift occurred as a retaliatory measure because of her use of FMLA as well as her age.

13. On October 7, 2019, Plaintiff was told on a conference call that she was taking leave too often and was threatened with write-ups and termination.

14. Ms. Jenkins, Dulcie Miller ("Ms. Miller"), and HR Bernetta Conner ("Ms. Conner") were in attendance for the above conference call.

15. Ms. Jenkins, throughout the time she was Plaintiff's manager, would make inappropriate gestures and spew slurs when Plaintiff answered questions during video

Case 1:20-cv-03328-DLF   Document 1   Filed 11/16/20   Page 3 of 10

conference calls; this lead to Plaintiff's elevated stress levels and created a toxic, hostile work environment.

16. Ms. Jenkins created such a severe and pervasive hostile work environment that Plaintiff had to reach out to Ms. Miller and Ms. Conner numerous times seeking some kind of resolution to the harassment.

17. Ms. Miller, Ms. Conner, and Plaintiff had at least three meetings on the subject of Ms. Jenkins behavior yet no resolution was reached.

18. Plaintiff contends that Ms. Jenkins was protected, to one degree or another, due to her personal relationship as a friend of Mary Daymont, an executive at Children's National.

19. As Plaintiff was phased out of work, a fairly new hire, Tariq Heatley ("Mr. Heatley"), was given some of the duties and workload of Plaintiff as a preemptory step towards her wrongful termination.

20. Mr. Heatley was hired on December 17, 2019.

21. Plaintiff was forwarded an email dated April 13, 2020 that shows that Mr. Heatley was, in fact, taking over the workload that Plaintiff worked traditionally.

22. Mr. Heatley is a young man in his 20s or early 30s and it is Plaintiff's contention that he was selected to do the work of Plaintiff because he was younger, less experienced, and was, therefore, receiving lesser pay.

23. Plaintiff received positive performance reviews while working for Children's National for nearly 19 years.

24. Between September 2019 and April 2020, Plaintiff has made numerous email submissions to Ms. Miller begging for a solution to the hostile work environment created by Ms. Jenkins.

25. Plaintiff emailed Ms. Miller and Ms. Conner asking if she should contact the CEO or their direct superior on or about two weeks from when she was terminated.

26. Plaintiff made Ms. Conner aware that she was extending her FMLA leave due to the continuous stress she was suffering through because of Ms. Jenkins' behavior.

27. Plaintiff was wrongfully terminated on April 24, 2020 by Children's National under the guise of force reduction.

28. Plaintiff was over the age of 40 when she was terminated.

## ADMINISTRATIVE PROCEDURE

29. In 2020, Plaintiff filed charge of retaliation, satisfying the requirements of 42 USC § 2000(e) with the EEOC in Washington, DC. Such charge was filed within one hundred and eighty (180) days of the incident complained of therein.

30. The EEOC conducted an investigation on claims. On August 20th, 2020, the EEOC determined that it was unable to conclude that the information obtained established a violation of the statute.

31. This Complaint is being filed within ninety (90) days of the Plaintiff's receipt of the Notice of Right to Sue. Plaintiff has complied with all statutory and administrative prerequisites of filing suit.

## CAUSES OF ACTION

### I.   Age Discrimination Under DCHRA

32. Plaintiff realleges all prior paragraphs of the Complaint as if set out herein in full.

33. Plaintiff brings this claim under the DCHRA per the statute. *See* DC Code § 2-1402.11.

34. Age discrimination is found to occur *prima facie* as a matter of law when, "…[a plaintiff] was a member of a protected class…was qualified for the job from which [they were] terminated…that [their] termination occurred despite [their] employment qualifications, and…that a substantial factor in [their] termination was [their] membership in the protected class." *See Cain v. Reinoso*, 43 A.3d 302, 306 (2012).

35. Here, Plaintiff was a member of a protected class under the DCHRA as she was over the age of 40 when fired. *See Cain v. Reinoso*, 43 A.3d 302, Fn. 18 (2012).

36. Plaintiff was qualified for the job from which she was terminated, showcased by her positive performance reviews.

37. Plaintiff's age was a substantial factor in her termination, showcased by her replacement by a younger individual for her exact position, Mr. Heatley.

38. Defendant subjected Plaintiff to age discrimination when they terminated her.

## II.  Age Discrimination Under ADEA

39. Plaintiff realleges all prior paragraphs of the Complaint as if set out herein in full.

40. Plaintiff brings this claim under the ADEA per the statute and with a Right to Sue from the EEOC. *See* 29 USC § 623.

41. Age discrimination is found to occur *prima facie* as a matter of law when, "[plaintiff] was 40 or older, and so falls within the ADEA's protective reach…was otherwise qualified for the position in which [they were] working…was terminated…and…was replaced by someone younger." *See Steele v. Mattis*, 899 F.3d 943, 945 (D.C.Cir. 2018).

42. Here, Plaintiff was 40 or older when she was terminated from Children's National.

43. Plaintiff was otherwise qualified for the position in which they were working, as showcased by her positive performance reviews.

44. Plaintiff was terminated.

45. Plaintiff was replaced by someone younger, specifically Mr. Heatley.

## III.    FMLA Interference

46. Plaintiff realleges all prior paragraphs of the Complaint as if set forth herein in full.

47. Plaintiff brings this claim under the FMLA per the statute. *See* 29 USCA § 2615.

48. To prevail under a claim of interference under FMLA, it must be shown that, "…[the plaintiff's] employer interfered with, restrain[ed], or denied the exercise of or attempt to exercise, any right provided by the FMLA and that [plaintiff's] were prejudiced thereby." *See Gordon v. U.S. Capitol Police*, 414 U.S.App.D.C. 204, 210 (2015).

49. Here, Plaintiff was told not to take FMLA leave and was directly threatened per ¶ 10, ¶ 13, and ¶ 14 of this Complaint.

50. Plaintiff suffered prejudice in the form of retaliation when she was forced to move departments, suffered elevated stress levels from Ms. Jenkins harassment regarding her use of FMLA, and her termination.

## IV.    FMLA Retaliation

51. Plaintiff realleges all prior paragraphs of the Complaint as if set forth herein in full.

52. Plaintiff brings this claim under the FMLA per the statute. *See* 29 USCA § 2615.

53. The elements of retaliation under the FMLA are, "…the employee engaged in a protected activity under this statute…the employee was adversely affected by an employment decision…and…the protected activity and the adverse employment

action were causally connected." *See Gordon v. U.S. Capitol Police*, 778 F.3d 158, 161 (2015) (quotation marks omitted).

54. Here, Plaintiff was engaging in a protected activity under the FMLA statute when taking their legally allowed leave.

55. Plaintiff was adversely affected by an employment decision when she was forced to move departments, suffered elevated stress levels from Ms. Jenkins harassment regarding her use of FMLA, and was terminated.

56. The threats that Plaintiff was subjected to per ¶ 10, ¶ 13, and ¶ 14 show a causal link between the use of Plaintiff's protected activity and the adverse employment decisions she suffered through.

## V.      **Hostile Work Environment**

57. Plaintiff realleges all prior paragraphs of the Complaint as if set forth herein in full.

58. Plaintiff brings this claim under Title VII per the statute. *See* 42 USCA § 2000e *et. seq.*

59. To establish a hostile work environment it must been shown that, "…[they were] exposed to discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment. To assess a claim of hostile work environment, the court considers the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *See Durant v. District of Columbia Gov't*, 875 F.3d 685, 700 (D.C. Cir. 2017) (quoting *Hariss v. Forklift Sys., Inc.,* 510 U.S. 17, 21 (1993)) (internal quotations omitted).

60. Plaintiff was, in fact, exposed to discriminatory intimidation, ridicule, and insult that was severe and pervasive when Ms. Jenkins subjected her to insult and slurs persistently as set out in the prior paragraphs.

61. The remarks directed at Plaintiff were based on Plaintiff's race, color, sex, and age.

62. Plaintiff was subjected to such severe and pervasive hostile behavior from Ms. Jenkins that from September 2019 to April 2020 Plaintiff was frequently emailing superiors and HR to try and find a solution to the situation, however, no solution was ever found.

63. Plaintiff explicitly stated that Ms. Jenkins' hostile behavior forced her to take FMLA and unreasonably interfered with an employee's work performance.

## VI.      Wrongful Termination

64. Plaintiff realleges all prior paragraphs of the Complaint as if set forth herein in full.

65. Plaintiff brings this claim through the mandate imposed under the DCHRA per the statute. *See* DC Code § 2-1402.11.

66. To establish a claim of wrongful termination it must be, "…demonstrat[ed] that [the] discharge violates a clear mandate of public policy, as expressed in statute, regulations or the Constitution." *See Peterson v. AT&T Mobility Services, LLC,* 134 F.Supp.3d 112, 121-122 (2015).

67. Plaintiff contends, through the prior Counts III and IV, that Plaintiff was terminated due to her age.

68. Discrimination based on age is a violation of the DCHRA. *See* DC Code § 2-1402.11.

69. As such, Defendant wrongfully terminated Plaintiff on April 24, 2020.

## DAMAGES

70. As a consequence of the foregoing misconduct of Defendant, Plaintiff sustained

economic damages, pain and suffering, great mental stress, and has not received a

severance proportionate to her time with Defendant.

71. As a consequence of the forgoing conduct of Defendant, Plaintiff has damages in an

amount exceeding the jurisdictional requirements of the Court.

## RELIEF

72. Plaintiff requests that the Court issue the following relief:

    a.  Enter declaratory relief declaring that Defendant has engaged in retaliation

and interference with leave under FMLA, discrimination based on age under

the DCHRA and ADEA, and created a hostile work environment under Title

VII;

    b.  Award Plaintiff compensatory and punitive damages for all the mentioned

causes of action in an amount to be determined by a jury of her peers;

    c.  Award Plaintiff attorneys' fees, costs and expenses of litigation; and

    d.  Award such other relief to which Plaintiff may be entitled to under law.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands judgment against

Defendant in an amount exceeding the jurisdictional requirements of this Court, all together with

Court costs, including attorney's fees, plus pre- and post-judgment interest, and for any other

relief which this Court deems just and proper.

Respectfully submitted, this 16th day of November, 2020.

**Tamekia Staton**

By:

_____/s/ Charles Tucker, Jr._
Charles Tucker, Jr., Esq. (#993515)
Tucker Moore Law Group
Senior Partner
8181 Professional Place, STE 207
Hyattsville, Maryland 20785
Direct: 301-577-1175
charles@tuckerlawgroupllp.com